**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-21108-KMM

IRAN CASANAS,

      Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

      Defendant.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Parties' cross-motions for summary judgment. Plaintiff Iran Casanas ("Plaintiff") filed a Complaint seeking reversal of a final decision of the Commissioner of Social Security ("Defendant"). (ECF No. 1). On April 14, 2023, Plaintiff filed his Motion for Summary Judgment. (ECF No. 23). On May 15, 2023, Defendant filed its Motion for Summary Judgment with Supporting Memorandum of Law and Opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 25). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, who issued a Report and Recommendation recommending that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART, and Defendant's Motion be GRANTED IN PART and DENIED IN PART. ("R&R") (ECF No. 29). No objections to the R&R were filed, and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed.

R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

As set forth in the R&R, Magistrate Judge Louis makes the following findings: (1) the Administrative Law Judge ("ALJ")'s assessment of Plaintiff's mental residual function capacity ("RFC") is not supported by substantial evidence, as the ALJ did not adequately explain the impact of Plaintiff's mental impairment of moderate limitation in its assessment of Plaintiff's RFC, *see* R&R at 13–15; (2) the ALJ did not err in assessing the medical opinion of Dr. Cristian Del Rio, as the ALJ properly assessed both the supportability and consistency factors, *see id.* at 17–21; (3) the ALJ did not err in assessing the medical opinion of Dr. Alejandro J. Arias, as there is substantial evidence to support the ALJ's finding that Dr. Arias's opinion was unpersuasive, *see id.* at 21–24; (4) the ALJ did not err by failing to consider Plaintiff's prior psychiatric admissions when evaluating Plaintiff's subjective complaints, *see id.* at 26, but the ALJ's assessment that Plaintiff had not undergone aggressive treatment is not supported by substantial evidence because the ALJ failed to consider Plaintiff's current treatments including prescriptions of psychotropic medications, and the ALJ did not consider possible reasons Plaintiff may not seek treatment

consistent with the degree of Plaintiff's complaints, *see id.* at 26–28; (5) the ALJ erred when assessing the intensity, persistence, and limiting effects of Plaintiff's symptoms, as the ALJ discredited Plaintiff's claims of subjective symptoms and impairments based on improper evaluation of Plaintiff's statements regarding his daily activities, *see id.* at 28–30; and (6) the testimony of the vocational expert is not supported by substantial evidence because the hypothetical question posed to the vocational expert tracked the ALJ's RFC assessment, and the ALJ's RFC assessment is not supported by substantial evidence, *see id.* at 29–30.  This Court agrees.

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 29) is ADOPTED, Plaintiff's Motion (ECF No. 23) is GRANTED IN PART and DENIED IN PART, and Defendant's Motion (ECF No. 25) is GRANTED IN PART and DENIED IN PART.  The Court hereby REVERSES the Administrative Law Judge's decision and REMANDS this cause to the Acting Commissioner:

1. To specify and explain any functional limitations arising from Plaintiff's moderate limitations in interacting with others and consider such limitation in determining Plaintiff's RFC;

2. To reassess Plaintiff's subjective complaints consistent with the R&R; and

3. To include all Plaintiff's impairments in the hypothetical questions posed to the vocational expert upon reassessing Plaintiff's RFC.

DONE AND ORDERED in Chambers at Miami, Florida, this *5th* day of September, 2023.

K. M. Moore
_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

3

c: All counsel of record